ON APPLICATION FOR REHEARING
Before LEMMON, BOUTALL and SCHOTT, JJ.
PER CURIAM.
In her application for rehearing plaintiff has made reference to several facts which were omitted from the original opinion, earnestly contending that these as well as the facts found in the original opinion lead to a conclusion opposite to that which we have stated. These facts are: Prior to the hurricane on September 9, 1965, the Lumber Corporation was renting the old building from Mary Jordano for a specific monthly rental but this was terminated with the storm, and thereafter when Mary Jor-dano collected the insurance money for her loss she paid only a relatively small part of that money, $6,000, to Louis Jordano, Jr. for the purpose of rebuilding the corporation building. Thereafter, the SBA loan of $30,000 was made by the corporation and 12 advances were made by the corporation to the construction company totaling $23,-035 between November 14, 1966, and February 9, 1968. On July 28, 1967, the corporation issued checks to the State of Louisiana and the United States Treasury Department for $183.27 and $1113.03, rioting that these checks were issued “for Jordano Construction.” The reference made in our original opinion to the entry that 24 hours of time for Finchs’ last pay period was spent working at the lumber company was for the work done on February 9, 1968, while Finch was digging the ditch in which the accident occurred three days later. Plaintiff’s legal position is that Jordano had to be either an employee or an independent contractor in relation to the corporation, and since the facts do not support a conclusion that he was an independent contractor under the conditions set forth in Amyx v. Henry & Hall, supra, and Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385, it necessarily follows that Jordano was an employee of the lumber corporation and, therefore, Jordano would be personally liable for his negligence in causing the death of Harvey Finch over whom he was exercising supervision.
But under the peculiar facts and circumstances which exist in this case, it is not simply a question of whether Jordano individually was an independent contractor or an employee of his lumber corporation at the time of Finch’s death. We held in our original opinion and now reiterate that Jordano at all times was operating his construction company as a sole proprietorship using Harvey Finch and the other employees to accomplish this work. The advances from the corporation became commingled with the construction company’s funds and were used on all of its projects including the construction of a new building for the lumber corporation. In his combined capacities as president of the corporation, sole proprietor of the construction company and part owner of the property, he decided to construct the sewerage line and he ordered his employees to do that work. In so doing, he retained his individual identity and capacity as the sole proprietor of his construction company. Were we dealing here with two separate individuals, each independently performing certain duties, it would be necessary to determine how these two separate individuals were related on this particular job, but these are not the facts. We must resolve whether the lumber corporation of which Louis Jordano was president, or the construction company of which Louis Jordano was the sole proprietor, was conducting the project in which the accident occurred, and we have con- *650 eluded in the light of all of the circumstances that the work was being performed by the construction company, albeit that the lumber corporation might become the beneficiary once that project was complete and in the event that the lumber corporation would be reactivated.
Rehearing denied.